UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X   For Online Publication Only
MATTHEW BOHN,

                        Plaintiff,

                        **ORDER**
            -against-          17-CV-1728 (JMA)

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
------------------------------------------------------------------------X

**AZRACK, United States District Judge:**

      On March 23, 2017, plaintiff Matthew Bohn ("Plaintiff"), appearing pro se, filed a complaint challenging the final determination by the Commissioner of Social Security (the "Commissioner"). (ECF No. 1.) Plaintiff contests an August 16, 2016 decision by Administrative Law Judge Andrew S. Weiss (the "ALJ"). (Tr. 474–81.[1]) Although ALJ Weiss issued a favorable decision that found Plaintiff disabled from an onset date of June 15, 2014, Plaintiff sought Appeals Council review, arguing that his onset date should have been January 2013. (Tr. 7–17.) After the Appeals Council denied his request for review on February 8, 2017, Plaintiff filed the instant action. The Commissioner has moved for judgment on the pleadings and seeks dismissal of this action because the Court lacks jurisdiction over ALJ Weiss's favorable decision. (ECF No. 11.) Plaintiff has not filed any opposition. The Court agrees with the Commissioner.

      A federal court lacks "jurisdiction to review Social Security administrative decisions that are fully favorable to the plaintiff." Stora v. Comm'r of Soc. Sec., No. 16-CV-6503, 2018 WL 4637351, at *1 (E.D.N.Y. Sept. 27, 2018), appeal dismissed sub nom., 2018 WL 8060718 (2d Cir. Dec. 26, 2018). At the hearing before ALJ Weiss, Plaintiff's counsel amended Plaintiff's alleged

---

[1] Citations to "Tr." refer to pages of the certified administrative record filed by the Commissioner. (ECF No. 13.)

onset date to June 15, 2014. (Tr. 24, 480.) Plaintiff has not alleged any coercion or deception and is therefore "bound by the agreement of [his] attorney" regarding the alleged onset date. Stewart v. Astrue, No. 10-CV-3922, 2012 WL 32615, at *2 (E.D.N.Y. Jan. 4, 2012).

Accordingly, because the Commissioner found Plaintiff to be disabled as of the alleged onset date of June 15, 2014, the decision was fully favorable, and the Court lacks jurisdiction to review it. Defendant's motion is therefore GRANTED. The Clerk of Court is respectfully directed to enter judgment accordingly, close this case, and mail a copy of this Order to Plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore in forma pauperis status is denied for purposes of any appeal. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

Dated: May 26, 2020
      Central Islip, New York

                                            /s/ (JMA)
                                           JOAN M. AZRACK
                                           UNITED STATES DISTRICT JUDGE